IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS C. TYLER, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| | : | No. 07-2077 |

MEMORANDUM AND ORDER

PRATTER, DISTRICT JUDGE                                              AUGUST 30, 2007

Petitioner Louis C. Tyler is a prisoner who is currently incarcerated at S.C.I. Fayette, in LaBelle, Pennsylvania. Mr. Tyler recently initiated two actions in federal court, both of which were assigned to this Court as related to one another, and as related to a previous petition for writ of habeas corpus that Mr. Tyler filed in 2004.[1]  In this action, Mr. Tyler filed a petition for writ of

---

[1] Mr. Tyler's instant habeas petition is his third petition for post-conviction relief in federal court. In December 2004, Mr. Tyler filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (C.A. No. 04-5946), challenging his conviction in Pennsylvania state court on charges of attempted murder, robbery, aggravated assault, and possession of an instrument of a crime. On March 14, 2006, the Court denied that petition as untimely (C.A. 04-5946, Docket No. 8). The Court found that Mr. Tyler had filed his § 2254 petition more than three years after the expiration of the applicable one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d) (requiring petitions for writ of habeas corpus to be filed within one year of "the date on which the [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). (Memo. and Order at 4, C.A. No. 04-5946 (Docket No. 8) (March 14, 2006)). The Court further found that Mr. Tyler had failed to file a timely petition for post-conviction relief with the Pennsylvania state courts, under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. Although Mr. Tyler attempted to file two pro se PCRA petitions, in both instances the PCRA courts found that the petitions were untimely. (Memo. and Order at 2.) Accordingly, the Court found that neither of Mr. Tyler's untimely PCRA petitions, which were filed before he filed his federal habeas petition, served to toll AEDPA's one-year statute of limitations. (Memo. and Order at 4.) Furthermore, the Court found that equitable tolling did not apply. (Memo. and Order at 5.) Finally, the Court declined to consider Mr. Tyler's procedurally defaulted claims and found that he had not demonstrated cause for his default, actual prejudice, and that failure to consider his claims would result in a fundamental miscarriage of justice. (Memo. and Order at 6.)

habeas corpus under 28 U.S.C. § 2241.  However, Mr. Tyler did not pay the required filing fee, nor did he petition the Court for permission to proceed in forma pauperis.  The Court, believing that Mr. Tyler had intended to file his petition pursuant to 28 U.S.C. § 2254, entered an Order on May 31, 2007 providing that Mr. Tyler could submit his petition on the requisite § 2254 form, and pay the five dollar filing fee within thirty days, or his petition would be denied (Docket No. 2).  Mr. Tyler then paid the five dollar filing fee, and submitted a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  In his motion for reconsideration, Mr. Tyler states that he intended to file his petition pursuant to 28 U.S.C. § 2241, and not pursuant to § 2254.  He asks the Court to accept his petition as filed under § 2241.

     Mr. Tyler's habeas petition will be dismissed because the Court lacks jurisdiction to

---

In addition, in April 2007 Mr. Tyler filed a document styled as a "petition for issuance of writ of mandamus" in this Court (C.A. No. 07-1645, Docket No. 1).  Mr. Tyler argued that the Pennsylvania state courts improperly refused to consider his appeals of his conviction and sentence.  The Court dismissed that action by Order dated May 2, 2007 (C.A. No. 07-1645, Docket No. 2), because this Court lacks jurisdiction to consider an inmate's motion to compel a state court to reinstate his direct appeal rights.  In its Order, the Court noted that it appeared that Mr. Tyler intended to file his petition in the Pennsylvania Supreme Court for that court's consideration.  He had typed "In the Supreme Court of Pennsylvania" on the top of his "petition" and cited only Pennsylvania law as providing jurisdiction and grounds for relief.

     Following the Court's dismissal of his "petition," Mr. Tyler timely filed a motion for reconsideration, in which he claimed that he had intended to file a petition for writ of habeas corpus in federal court.  He claimed that he intended to attach the "petition for writ of mandamus" as an exhibit to his habeas petition and that his nephew inadvertently filed the "petition for writ of mandamus" without attaching (and, therefore, filing) the habeas petition itself.  In his motion for reconsideration, Mr. Tyler asked the Court to consider the merits of the habeas petition that he had intended to file.

     However, it appears that the docket for Civil Action No. 07-1645 does not reflect that Mr. Tyler ever actually filed a habeas petition.  Instead, it appears that the habeas petition Mr. Tyler intended to file in Civil Action No. 07-1645 was actually filed and docketed under Civil Action No. 07-2077 approximately three weeks after he filed the "petition for issuance of writ of mandamus."

consider his claim, and his motion for reconsideration will be denied.[2]

Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody.  See Hairston v. Nash, 06-358 (JBS), 2006 U.S. Dist. LEXIS 46173, at *1 (D.N.J. June 26, 2006).  A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment.  Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993).  Therefore, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).  The Court of Appeals for the Third Circuit has held that a district court does not have subject matter jurisdiction under 28 U.S.C. § 2241 over a habeas petition that does not challenge the fact or duration of confinement.  Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).  Accordingly, if a petitioner does not challenge the fact or duration of confinement, and no other basis for jurisdiction exists, the petition must be

---

[2] The Court notes that, when Mr. Tyler filed his motion for reconsideration, the Court had not dismissed his petition for writ of habeas corpus.  Thus, Mr. Tyler is not asking the Court to "reconsider" the denial of his petition for federal habeas relief.  Instead, he is asking the Court to reconsider its characterization of his habeas petition as more appropriately filed pursuant to 28 U.S.C. § 2254 rather than § 2241.

Typically, the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).  A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice."  Drake v. Steamfitters Local Union No. 420, No. 97-585, 1998 U.S. Dist. LEXIS 13791, at *7-8 (E.D. Pa. Sept. 3, 1998) (citing Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994)).  "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

dismissed for want of jurisdiction.

In his Motion for Reconsideration and in his § 2241 petition, Mr. Tyler states that he is not challenging his state court conviction or his sentence. Instead, Mr. Tyler avers that once this Court denied his first habeas petition, filed in 2004 (C.A. No. 04-5946), he returned to state court and requested that the state court reinstate his direct appeal rights. The Pennsylvania courts refused to do so. His sole contention in the instant petition is that the Pennsylvania courts' refusal to consider his appeal constitutes a denial of meaningful access to the courts in violation of the First Amendment. (Pet. Application for Writ of Habeas Corpus 3; Pet. Mot. Reconsideration ¶ 6.) This is not a viable claim for purposes of presenting a petition under § 2241 because Mr. Tyler does not challenge the fact or duration of his imprisonment. Because Mr. Tyler's claims are not within the purview of § 2241, the Court lacks jurisdiction to consider them. Accordingly, **IT IS ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED**.[3]

---

[3] Pursuant to the rule announced in Royce, a district court may consider other legitimate avenues of relief, rather than dismiss the entire action for lack of jurisdiction. Hairston v. Nash, No. 06-358, 2006 U.S. Dist. LEXIS 46173, at *6 (D.N.J. June 26, 2006). For example, especially when addressing relief sought by a pro se plaintiff, a court may convert a habeas petition into a complaint pursuant to 42 U.S.C. § 1983, or vice versa. Royce, 151 F.3d at 118. Mr. Tyler's claim that his First Amendment right of access to the courts has been violated is the type of claim that could be brought in an action under § 1983. However, it is clear that Mr. Tyler has not asserted a viable claim that he has been denied access to the courts in violation of the First Amendment. Mr. Tyler's only argument is that the Pennsylvania state courts, by denying his numerous applications for relief, have improperly denied him "access" to the courts.

However, it is well established that a judicial officer in the performance of his duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). Although Mr. Tyler did not assert any claims against particular state court judges, it is clear that any such claims would implicate actions that are within the scope of their judicial

2.	Petitioner's Motion for Reconsideration (Docket No. 3) is **DENIED**.

3.	There is no probable cause to issue a certificate of appealability.[4]

4.	The Clerk of the Court shall mark this action **CLOSED** for all purposes, including statistics.

BY THE COURT:


S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

---

duties, specifically, making rulings unfavorable to Mr. Tyler.  In addition, Mr. Tyler does not claim that the state courts lacked jurisdiction.  As, such Mr. Tyler has not presented a viable § 1983 claim.

[4] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004).  Mr. Tyler has not satisfied this burden. Accordingly, there is no probable cause to issue a certificate of appealability.